UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:19-cv-25039-KING/Becerra

PHIL SELMAN,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,


      Defendant.
_____/


## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff PHIL SELMAN through undersigned counsel files this Amended Complaint against Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida (RCCL), pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure, no counsel having appeared for Defendant at this time, and alleges:

## JURISDICTION, VENUE AND PARTIES

CASE NO. 1:19-cv-25039-KING/Becerra

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff PHIL SELMAN is sui juris and is and at all material times has been a citizen and resident of the state of Illinois.

3.     Defendant ROYAL CARIBBEAN CRUISES, LTD. (RCCL) is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.  RCCL is therefore a resident both of Liberia and of Florida for jurisdictional purposes.

4.     Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2).  As alleged above there is complete diversity in citizenship of the parties because Plaintiff PHIL SELMAN is and at all material times has been a resident and citizen of Illinois, while Defendant RCCL is a citizen both of Liberia and of Florida for jurisdictional purposes.  The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases and is supported by the allegations regarding damages in Paragraph 13 below.

5.     At all material times, RCCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern

2

CASE NO. 1:19-cv-25039-KING/Becerra

District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.    At all material times, RCCL has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7.    The ticket contract between the parties, which was drafted by or on behalf of RCCL without any negotiations with the Plaintiff, requires all fare paying passengers to bring any lawsuit against RCCL arising out of injuries or events occurring on the subject voyage in this federal judicial district.   Furthermore, RCCL does business in this judicial district and has its principal place of business in this district.  Venue is therefore proper in this Court.

## PRELIMINARY ALLEGATIONS COMMON TO ALL COUNTS

8.    At all material times, Defendant RCCL has been engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operates, among other vessels, the "SYMPHONY OF THE SEAS", a large passenger cruise ship.

9.    At all material times, the Plaintiff PHIL SELMAN was a fare paying passenger on board the SYMPHONY OF THE SEAS under the ticket contract

3

CASE NO. 1:19-cv-25039-KING/Becerra

referenced above and was therefore legally entitled to be aboard the vessel for the entire voyage.

10.     The subject voyage departed from Miami, Florida, a port within the United States of America, on December 15, 2018.

11.     On or about December 22, 2018, while Plaintiff PHIL SELMAN was lawfully aboard the SYMPHONY OF THE SEAS as a fare paying passenger, one or more crewmembers working for RCCL on board the SYMPHONY OF THE SEAS as housekeeping staff, while and after cleaning Mr. SELMAN's stateroom, left a laundry bag on the stateroom floor instead of retrieving it after the cleaning process was complete.

12.     On December 22, 2018, while occupying his stateroom, the Plaintiff tripped over the exposed ropes of the laundry bag the housekeeping crew had left on the floor and thereby fell.

13.     As a direct and proximate result of the fall described in the preceding paragraph, the Plaintiff was injured in and about his body and extremities, sustaining injuries, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation and activation of preexisting injuries, and the inability to lead a normal life. He also incurred medical, hospital, and other out of

4

CASE NO. 1:19-cv-25039-KING/Becerra

pocket and health care expenses as a result of his injuries and lost earnings, and his earning capacity was impaired. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

14.     The Plaintiff has complied with all conditions precedent to bringing this action. In particular, as required by the operative ticket contract, the Plaintiff through counsel gave Defendant RCCL timely written notice of the Plaintiff's claim.

## COUNT I – NEGLIGENT MAINTENANCE

15.     The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 14 above and in addition alleges the following matters.

16.     At all material times Defendant RCCL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain its vessel, which in turn included the duty to inspect for and correct dangerous onboard conditions of which it knew or should have known in the exercise of reasonable care.

17.     At all material times, there existed a dangerous or risk-creating condition on the floor of the Plaintiff's stateroom on board the SYMPHONY OF THE SEAS, to-wit: a laundry

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO. 1:19-cv-25039-KING/Becerra

bag with exposed ropes left on the floor of the stateroom, thereby posing a tripping hazard to passengers entering, exiting or otherwise traversing the stateroom, such as the Plaintiff.

18.     At all material times, the Defendant RCCL, through its crewmember or crewmembers cleaning the Plaintiff's stateroom on December 22, 2018, actually knew about the presence of the laundry bag referenced above on the floor of the Plaintiff's stateroom.

19.     As an alternative to the allegations in the preceding paragraph, at all material times the Defendant RCCL, through its crewmember or crewmembers cleaning the Plaintiff's stateroom on December 22, 2018, should in the exercise of reasonable care have known knew about the presence of the laundry bag referenced above on the floor of the Plaintiff's stateroom, and therefore had constructive notice of it, due to the length of time the bag had been on the floor, a length of time sufficient to invite corrective measures, the recurring nature of the relevant condition, namely laundry bags left by housekeeping crew on stateroom floors, or otherwise.

20.     Notwithstanding its actual or constructive notice of the laundry bag on the floor of the Plaintiff's stateroom as alleged above, the Defendant RCCL failed at all material times before the Plaintiff tripped over the bag to correct the dangerous or risk-creating condition by inspecting for the presence of hazardous foreign objects on the stateroom floor after cleaning the stateroom, removing the bag, or cordoning off the area, and thereby failed to exercise reasonable care and was negligent in its maintenance of the stateroom floor.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO. 1:19-cv-25039-KING/Becerra

21. At all material times the Defendant RCCL was vicariously liable for all damages proximately caused by the negligence of its crewmembers described above, since at all material times those crewmembers were employed by RCCL and acting in furtherance of its business, cleaning passenger staterooms.

22.    As a direct and proximate result of the negligence of Defendant RCCL described above, the Plaintiff tripped over the laundry bag as alleged in Paragraph 12 above and thereby has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant RCCL for compensatory damages and the costs of this action.

## <u>COUNT II – NEGLIGENT FAILURE TO WARN</u>

23.    The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 14 above and in addition alleges the following matters.

24.    At all material times Defendant RCCL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to warn passengers including the Plaintiff of dangerous onboard conditions of which it knew or should have known in the exercise of reasonable care.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO. 1:19-cv-25039-KING/Becerra

25.     At all material times, there existed a dangerous or risk-creating condition on the floor of the Plaintiff's stateroom on board the SYMPHONY OF THE SEAS, to-wit: a laundry bag with exposed ropes left on the floor of the stateroom, thereby posing a tripping hazard to passengers entering, exiting or otherwise traversing the stateroom, such as the Plaintiff.

26.     At all material times, the Defendant RCCL, through its crewmember or crewmembers cleaning the Plaintiff's stateroom on December 22, 2018, actually knew about the presence of the laundry bag referenced above on the floor of the Plaintiff's stateroom.

27.     As an alternative to the allegations in the preceding paragraph, at all material times the Defendant RCCL, through its crewmember or crewmembers cleaning the Plaintiff's stateroom on December 22, 2018, should in the exercise of reasonable care have known knew about the presence of the laundry bag referenced above on the floor of the Plaintiff's stateroom, and therefore had constructive notice of it, due to the length of time the bag had been on the floor, a length of time sufficient to invite corrective measures, the recurring nature of the relevant condition, namely laundry bags left by housekeeping crew on stateroom floors, or otherwise.

28.     Notwithstanding its actual or constructive notice of the laundry bag on the floor of the Plaintiff's stateroom as alleged above, the Defendant RCCL failed at all material times before the Plaintiff tripped over the bag to warn the Plaintiff of the presence of the bag through appropriate signage, written or oral warnings or notices, or by cordoning off or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO. 1:19-cv-25039-KING/Becerra

marking the area where the bag was present, thereby failing to exercise reasonable care and negligently failing to warn the Plaintiff.

29.     At all material times the Defendant RCCL was vicariously liable for all damages proximately caused by the negligence of its crewmembers described above, since at all material times those crewmembers were employed by RCCL and acting in furtherance of its business, cleaning passenger staterooms.

30.     As a direct and proximate result of the negligence of Defendant RCCL described in the preceding paragraph, the Plaintiff tripped over the laundry bag as alleged in Paragraph 12 above and thereby has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant RCCL for compensatory damages and the costs of this action.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands trial by jury of all issues so triable as of right. No counsel for Defendant has yet appeared.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO. 1:19-cv-25039-KING/Becerra

Dated:  March 3, 2020                                          Respectfully submitted,


                                                              s/NICHOLAS I. GERSON
                                                              Nicholas I. Gerson. Esq.
                                                              Florida Bar No. 20899
                                                              ngerson@gslawusa.com
                                                              filing@gslawusa.com
                                                              cbenedi@gslawusa.com
                                                              David Markel, Esq.
                                                              Florida Bar No. 78306
                                                              dmarkel@gslawusa.com
                                                              Philip M. GERSON
                                                              Florida Bar No. 12790
                                                              pgerson@gslawusa.com
                                                              Edward S. Schwartz, Esq.
                                                              Florida Bar No. 346721
                                                              eschwartz@gslawusa.com
                                                              GERSON & SCHWARTZ, P.A.
                                                              Attorneys for Plaintiff
                                                              1980 Coral Way
                                                              Miami, FL 33145-2624
                                                              Telephone: (305) 371-6000
                                                              Facsimile: (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com